**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DUVAL JOSE NAVARRO GARCIA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1428-J** |
| | ) | |
| **WARDEN DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Duval Jose Navarro Garcia, a noncitizen,[1] and citizen of Venezuela, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement (ICE). (ECF No. 1). Petitioner also filed an Emergency Motion for Immediate Release. (ECF No. 3). United States District Judge Bernard M. Jones II referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Respondents filed a response. (ECF No. 9).

For the reasons set forth below, the undersigned recommends that the Court grant the Petition, in part, and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven business days or otherwise to release him if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. BACKGROUND AND PETITIONER'S CLAIMS

Sometime in August 2024, Petitioner entered the United States utilizing the CBP One Program and has continuously resided in this country since that time. (ECF No. 1:4). In May 2025, Petitioner applied for asylum. (ECF No. 1:4). On June 5, 2026, while traveling to work, Petitioner was detained by ICE officials and taken into custody. (ECF No. 1:4). While detained at the Diamondback Correctional Facility, Petitioner filed a habeas Petition, challenging his detention. (ECF No. 1). On August 4, 2026, an Immigration Judge ordered Petitioner removed.[2] While in ICE custody and detained at the Diamondback Correctional Facility, Petitioner filed a habeas Petition challenging his detention. *See* ECF No. 1. Petitioner alleges that his detention without a bond hearing violates Due Process. (ECF No. 1:7-8). Petitioner asks the Court to immediately release him, or, in the alternative, to order a bond hearing. (ECF No. 1:8-9).

## II. STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

---

[2] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Aug. 19, 2026).

## III. SECTION 1226(a) APPLIES TO PETITIONER'S DETENTION

Petitoner's detention is governed by 8 U.S.C. § 1226(a) and he is entitled to a bond hearing. *See* ECF No. 1.

Under the INA, detention of aliens who are "applicants for admission"[3] and "seeking admission" is mandatory under 8 U.S.C. § 1225(b)(2)(A). By contrast, § 1226(a) provides for the arrest of aliens on a warrant and grants ICE the discretion to continue detention of the alien or to release the alien on bond.[4] On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir 2026). The court held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Santillan Quiroz v. Mullin*, 180 F.4th at 1237. The court reasoned based on the statutory text and context that:

> once a noncitizen has entered unlawfully, no amount of legal maneuvering allows him to go back in time and make his initial entry lawful. The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border. Since § 1225(b)(2)(A) applies only

---

[3] 8 U.S.C. § 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." The statute defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13).

[4] The regulations accompanying the statute explain the various levels of review for a bond determination. An ICE officer makes the initial detention or release determination, and the alien bears the burden of "demonstrat[ing] to the satisfaction of the officer that . . . release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). If the officer determines the alien should be detained, the alien can seek review of that decision at a bond hearing before an immigration judge. Id. § 236.1(d)(1). An immigration judge's decision to detain may be further appealed to the Board of Immigration Appeals (BIA). Id. § 236.1(d)(3). *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

> to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.

*Id.* at 1239. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances, as Respondent concedes. *See* ECF No. 9:1 ("Respondents . . . respectfully submit that this matter is controlled by the Tenth Circuit's recent opinion in *Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026).").

Based on the Tenth Circuit's decision in *Santillan Quiroz*, and Respondents' concession as to the same controlling the outcome of this case, the undersigned concludes that Petitioner, who was detained in the interior of the United States years after being released into the interior of the country, is subject to detention under § 1226(a). However, he has not been granted the bond hearing provided in that statute. Thus, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). A bond hearing is the appropriate remedy. *Santillan Quiroz*, 180 F.4th 1251, n.13.[5] *See Singh v. Cerna*, No. CIV-26-757-R, 2026 WL 1973892, at *1 (W.D. Okla. July 8, 2026).

## IV. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **GRANT, IN PART,** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. It is

---

[5] With this recommendation, the Court need not consider Petitioner's argument that his detention violates Due Process.

further recommended that the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's order.[6]

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **August 26, 2026**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## V. STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on August 14, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

[6] Also pending is ECF No. 3, Petitioner's Emergency Motion for Release. *See* ECF No. 3. Upon the adoption of this recommendation, the Court should terminate this motion as moot.